United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 21, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NORTHVOLT AB, *et al.*,[1] | ) Case No. 24-90577 (ARP) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) **Re: Docket No. 14** |

**ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE
AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO*
PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE RELATED
FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[3] for entry of an order (this "Order"): (a) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code, (b) approving the form and manner of notice, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Northvolt. The location of Debtor Northvolt AB's principal place of business is Alströmergatan N 20, 112 47 Stockholm, Sweden; the Debtors' service address in these chapter 11 cases is Northvolt AB c/o Stretto, Inc. 410 Exchange, Suite 100, Irvine, CA 92602.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] A complete list of the Debtors in these chapter 11 cases is attached hereto as **Exhibit A**.

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. Subject to section 362 of the Bankruptcy Code, all entities (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any non-U.S. jurisdiction (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby stayed, restrained, and enjoined from:

   (a) commencing or continuing (including the issuance or employment of process) a judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' chapter 11 cases or recovering a claim against the Debtors that arose before the commencement of the Debtors' chapter 11 cases;

   (b) enforcing, against the Debtors or against property of their estates, a judgment obtained before the commencement of the Debtors' chapter 11 cases;

   (c) taking any action to obtain possession of property of the Debtors' estates, wherever located, or to exercise control over property of the Debtors' estates;

(d) taking any action to create, perfect, or enforce any lien against the property of the Debtors' estates;

(e) taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' chapter 11 cases;

(f) taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' chapter 11 cases;

(g) taking any action to setoff any debt owing to the Debtors that arose before the commencement of the Debtors' chapter 11 cases against any claim against the Debtors; and

(h) commencing or continuing any proceeding before the United States Tax Court concerning the tax liability of a Debtor that is a corporation for a taxable period this Court may determine.

2. Pursuant to sections 362 and 365 of the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all entities are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are party or signatory, at any time after the commencement of these cases because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these cases or (b) commencement of these cases under the Bankruptcy Code. Accordingly, all such entities are required to continue to perform their obligations under such leases and contracts during the postpetition period.

3. Pursuant to section 525 of the Bankruptcy Code, all governmental units and other regulatory authorities are prohibited and enjoined from: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors (i) are or have been debtors under the

Bankruptcy Code, (ii) may have been insolvent before the commencement of these chapter 11 cases, (iii) are insolvent during the pendency of these chapter 11 cases, or (iv) have not paid a debt that is dischargeable in these chapter 11 cases.

4. For the avoidance of doubt, this Order does not expand or modify the rights afforded to the Debtors or any other party under the Bankruptcy Code.

5. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall create any rights in favor of or enhance the status of any claim held by any party in interest.

6. The form of Notice, attached as **Exhibit B** hereto, is approved. The Debtors are authorized to serve the Notice upon creditors, governmental units or other regulatory authorities, or interested parties wherever located. The Debtors are authorized to procure and provide true and correct foreign-language translations of the Motion, this Order, the Notice, or any other materials filed in these chapter 11 cases to any foreign party in interest at the Debtors' sole discretion.

7. Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

8. This Order remains subject to section 362 of the Bankruptcy Code, including its exceptions. This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

9. Notwithstanding anything to the contrary herein, nothing contained in the Motion or any actions taken pursuant to this Order granting the relief requested by the Motion is intended as or should be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, priority, or validity of any claim against a Debtor entity under the Bankruptcy Code or

4

other applicable nonbankruptcy law; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (h) a concession that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (i) a waiver of the obligation of any party in interest to file a proof of claim; or (j) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules, the Bankruptcy Local Rules, and the *Procedures for Complex Cases in the Southern District of Texas* are satisfied by such notice.

11. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: November 21, 2024

                                                                           Alfredo R Pérez
                                                                           United States Bankruptcy Judge

## EXHIBIT A

### List of Debtors

| |
|---|
| Northvolt AB |
| Cuberg, Inc |
| NV Texas, LLC |
| Northvolt Ett AB |
| Northvolt Ett Fastighetsförvaltning AB |
| Northvolt Labs AB |
| Northvolt Revolt AB |
| Northvolt Systems AB |
| Northvolt Poland sp. z o.o. |

**EXHIBIT B**

**Form of Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| NORTHVOLT AB, *et al.*, [1] | ) Case No. 24-90577 (ARP) ) |
| Debtors. | ) (Joint Administration Requested) ) |
| | ) **Re: Docket No.** _____ |

**NOTICE OF ENTRY OF AN ORDER
(I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY,
ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS
OF THE BANKRUPTCY CODE, (II) APPROVING THE RELATED FORM AND
MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on November 21, 2024, the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The Debtors' chapter 11 cases are pending before the Honorable United States Bankruptcy Judge Pérez and are being jointly administered under the lead case *In re Northvolt AB, et al.*, Case No. 24-90577 (ARP).

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice and (III) Granting Related Relief* (the "Order") [Docket No. [__]], entered on [____], 2024, and attached hereto as **Exhibit 1**, all entities wherever located (including individuals, partnerships,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Northvolt. The location of Debtor Northvolt AB's principal place of business is Alströmergatan N 20, 112 47 Stockholm, Sweden; the Debtors' service address in these chapter 11 cases is Northvolt AB c/o Stretto, Inc. 410 Exchange, Suite 100, Irvine, CA 92602.

corporations, and other entities, and all those acting on their behalf), persons party to a contract or agreement with the Debtors, governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality, or service thereof, and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.[2]

**PLEASE TAKE FURTHER NOTICE** that a complete list of the Debtors in these chapter 11 cases is attached to the Order as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert claims, interests, causes of action, or other legal or equitable remedies against, or otherwise exercise any rights in law or equity against the Debtors or their estates must do so in front of the Court pursuant to the Order, the Bankruptcy Code, and applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating, statutory stay or injunction, applicable to all entities and protecting the Debtors from, among other things: (a) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtors (i) that was or could have been commenced before the commencement of the Debtors' chapter 11 cases or (ii) to recover a claim against the Debtors that arose before the commencement of the Debtors' chapter 11 cases; (b) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' chapter 11 cases; (c) any

---

[2] Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims of the Debtors against any party to the above-captioned chapter 11 cases. The Debtors expressly reserve the right to contest any claims that may be asserted against the Debtors.

2

act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates; (d) any act to create, perfect, or enforce any lien against property of the Debtors' estates; (e) any act to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' chapter 11 cases; (f) any act to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' chapter 11 cases; (g) the setoff of any debt owing to the Debtors that arose before the commencement of the Debtors' chapter 11 cases against any claim against the Debtors; and (h) the commencement or continuation of any proceeding before the United States Tax Court concerning a tax liability of a Debtor that is a corporation for a taxable period the Court may determine or concerning the tax liability of a Debtor who is an individual for a taxable period ending before the date of the order for relief under the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, including denying employment to or terminating the employment of the Debtors, solely because the Debtors (i) are or have been debtors under the Bankruptcy Code, (ii) may have been insolvent before the commencement of these chapter 11 cases, (iii) are insolvent during the pendency of these chapter 11 cases as set forth more particularly in the Order, or (iv) have not paid a debt that is dischargeable in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 365(e)(1) of the Bankruptcy Code and confirmed by the Order, all entities are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are party or signatory, at any time after the commencement of these cases because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these cases or (b) commencement of these cases under the Bankruptcy Code. Accordingly, all such entities are required to continue to perform their obligations under such leases and contracts during the postpetition period.

**PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and rule 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law (whether in or outside of the United States) may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law—including contempt proceedings that may result in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Order expands, enlarges, or limits the rights afforded to any party under the Bankruptcy Code, nor does the Order modify the rights provided under section 362(b), and all rights of parties in interest to assert that any action is subject, or not subject, to the stay and injunction contemplated by section 362 of the Bankruptcy Code and the Order, including because of the operation of section 362(b) of the Bankruptcy Code, are preserved.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' chapter 11 cases, including copies of pleadings filed therein, may be obtained by (a) reviewing the publicly available docket of the Debtors' chapter 11 cases at http://ecf.txsb.uscourts.gov (PACER login and password required), (b) accessing the Debtors' publicly available website providing information regarding these chapter 11 cases, located online at https://cases.stretto.com/Northvolt, or (c) contacting the undersigned proposed co-counsel for the Debtors.

Houston, Texas
Dated: [●] [●], 2024

| */s/  Draft* | |
|---|---|
| **HAYNES AND BOONE, LLP** | **KIRKLAND & ELLIS LLP** |
|  | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Charles A. Beckham, Jr. (TX Bar No. 02010660) | Edward O. Sassower, P.C. |
| Kelli S. Norfleet (TX Bar No. 24070678) | Christopher T. Greco, P.C. (*pro hac vice* pending) |
| David Trausch (TX Bar No. 24113513) | Ciara Foster (*pro hac vice* pending) |
| Re'Necia Sherald (TX Bar No. 24121543) | 601 Lexington Avenue |
| 1221 McKinney Street, Suite 4000 | New York, New York 10022 |
| Houston, Texas 77010 | Telephone:    (212) 446-4800 |
| Telephone:    (713) 547-2000 | Facsimile:    (212) 446-4900 |
| Facsimile:    (713) 547-2600 | Email:    edward.sassower@kirkland.com |
| Email:    charles.beckham@haynesboone.com |         christopher.greco@kirkland.com |
|         kelli.norfleet@haynesboone.com |         ciara.foster@kirkland.com |
|         david.trausch@haynesboone.com |  |
|         renecia.sherald@haynesboone.com | -and- |

John R. Luze (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    john.luze@kirkland.com

*Proposed Co-Counsel for the Debtors*              *Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*                                 *and Debtors in Possession*

# **EXHIBIT 1 TO FORM NOTICE**

**Order**